found, that Plaintiff was likely a swatting victim, and that Plaintiff's phones were seized after any safety justification had ended.

541. Despite this knowledge, supervisory Defendants approved, ratified, continued, or failed to correct the unlawful seizure, retention, transfer, search, or documentation of Plaintiff's phones and the related incident.

542. Supervisory Defendants' conduct was a moving force behind the violation of Plaintiff's constitutional rights.

543. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages.

## H. COUNT EIGHT 42 U.S.C. § 1983 Municipal Liability / Monell Against City of Los Angeles, City of San Luis Obispo, and Municipal DOE Defendants

544. Plaintiff alleges that the City of San Luis Obispo maintained or permitted customs, practices, or omissions concerning felony-stop documentation, firearm-display reporting, body-worn-camera preservation, complaint intake, and public-records handling that caused or contributed to the violations alleged herein.

545. Plaintiff further alleges that SLOPD personnel conducted a high-risk felony stop at gunpoint, removed Plaintiff from his RV, conducted a protective sweep, and interfered with a recording device, yet the incident was later handled or disclosed in a manner suggesting incomplete reporting, missing complaint records, missing or non-produced firearm-display documentation, and records responses stating that no responsive records existed.

546. Plaintiff alleges that the City of San Luis Obispo's own records practices contributed to the deprivation of Plaintiff's rights because requests concerning a City/SLOPD incident were routed through, answered by, or confused with the San Luis Obispo County Sheriff's Office, despite the incident involving SLOPD and CHP personnel.

547. Plaintiff alleges that City personnel, including the City Attorney's Office, participated in or controlled searches for responsive records concerning Plaintiff, SLOPD, LAPD, Scientology, and related communications. Despite representations that no responsive records were found, later-produced records reflected incident numbers, briefing materials, Scientology-related entries, police logs, summary sheets, and internal communications concerning the events alleged herein.

548. Plaintiff alleges that these facts support an inference that the City of San Luis Obispo had customs, practices, or omissions involving deficient report preparation, deficient complaint intake, deficient body-worn-camera preservation, deficient use-of-force/firearm-display documentation, deficient public-records searches, and ratification of unconstitutional conduct.

549. Plaintiff alleges that the City of Los Angeles, through LAPD personnel including Defendant Gomez and other officials, maintained or permitted customs, practices, or omissions concerning broad digital search warrants, forensic searches of cellular telephones, retention of seized phones, interagency evidence transfers, and investigations involving protesters and livestreamers.

550. Plaintiff alleges that LAPD's warrant process relied on phones already seized by CHP, sought broad digital data from December 1, 2023 through July 10, 2024, and omitted material facts concerning Plaintiff's livestreaming, prior swatting victim status, the suspicious reporting party, and available less intrusive means of verifying whether Plaintiff placed the emergency call.

551. Plaintiff alleges that municipal policymakers knew or should have known that failure to train, supervise, review, discipline, document, preserve records, and correct these practices would result in violations of First, Fourth, and Fourteenth Amendment rights.

552. Plaintiff alleges that the municipal Defendants' customs, practices, omissions, failures to train, failures to supervise, failures to discipline, and ratification were moving forces behind the violations alleged herein.

## I. COUNT NINE 42 U.S.C. § 1983

## Declaratory and Prospective Injunctive Relief Against Official-Capacity Defendants and Municipal Defendants

553. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

554. Plaintiff seeks declaratory relief establishing that Defendants' conduct violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments.

555. Plaintiff further seeks prospective injunctive relief, where legally appropriate, requiring preservation of records and evidence relating to the July 10, 2024 incident, including body-worn camera footage, CAD records, dispatch records, complaint records,

evidence logs, chain-of-custody records, warrant materials, use-of-force or firearm-display documentation, and records concerning the seizure, search, transfer, retention, and return of Plaintiff's phones.

556. Plaintiff also seeks prospective relief preventing continued retention, use, dissemination, or reliance on unlawfully obtained digital data, if any such data remains in Defendants' possession, custody, or control.

557. Declaratory and prospective injunctive relief is necessary to prevent continuing harm, preserve evidence, clarify the parties' rights, and remedy ongoing consequences of Defendants' constitutional violations.

558. Loss of work on video production as plaintiff makes videos and relied on them for his channel as all video editing was done on the phones and could not be transferred to other phones causing a loss of livelihood and income.

## J. COUNT TEN  42 U.S.C. § 1983

**Civil Conspiracy to Violate Constitutional Rights Against Defendants Perez, Hendricks, Wilson, Bradshaw, Olsen, Gomez, Proper, McMichael, Lopez, SLOPD DOE Officers, CHP DOE Officers, LAPD DOE Officers, and DOES 1–50**

559. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

560. At all relevant times, Defendants acted under color of state law.

561. Plaintiff alleges that Defendants reached an agreement, understanding, or meeting of the minds to deprive Plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments.

562. The object of the conspiracy included treating Plaintiff as a suspect rather than a swatting victim, seizing Plaintiff's cellular telephones without a warrant, retaining the phones, transferring the phones between agencies, obtaining and executing a broad digital search warrant, and later failing to preserve, disclose, or accurately account for records concerning the incident.

563. Plaintiff alleges that the conspiracy is shown by, among other facts: the shift from victim to suspect after no weapon was found; the seizure of phones after Plaintiff

offered exculpatory livestream and call-log evidence; the CHP narrative tying the seizure decision to Plaintiff's YouTube channel and repeated police detentions; the "safe keeping" property receipt later contradicted by evidence classification; the LAPD warrant process after CHP had already seized the phones; missing complaint records; no-record CPRA responses followed by later-discovered responsive records; and internal communications showing multiple agencies and officials handled or reviewed records concerning Plaintiff, SLOPD, LAPD, Scientology, and the July 10, 2024 incident.

564. Defendants committed overt acts in furtherance of the conspiracy, including detaining Plaintiff, seizing his phones, documenting the phones inconsistently, transferring the phones, seeking or approving a digital search warrant, retaining the phones for approximately ten months, refusing or failing to process complaints, and providing incomplete, delayed, or nonresponsive records responses.

565. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered deprivation of liberty, unlawful seizure of property, invasion of digital privacy, interference with First Amendment activity, loss of access to his phones, emotional distress, economic harm, and related damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. For compensatory damages according to proof, including but not limited to damages for loss of liberty, fear, humiliation, emotional distress, anxiety, invasion of privacy, unlawful seizure of property, loss of use of property, interference with Plaintiff's ability to record, livestream, publish, communicate, preserve evidence, and engage in protected First Amendment activity, in an amount no less than $250,000;

B. For damages for the seizure, retention, transfer, forensic processing, search, and delayed return of Plaintiff's two Samsung Galaxy S24 Ultra cellular telephones, including the value of the devices, loss of use, loss of access, and related economic harm, according to proof;

C. For declaratory judgment that Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments;

D. For injunctive relief requiring Defendants, where legally appropriate, to preserve records, evidence, body-worn camera footage, CAD records, dispatch records, complaint records, evidence logs, chain-of-custody records, and records concerning the seizure, search, transfer, retention, and return of Plaintiff's phones;

E. For punitive damages against the individual Defendants according to proof;

F. For costs of suit;

G. For attorney's fees and costs under 42 U.S.C. § 1988, if applicable; and

H. For such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. VERIFICATION AND SIGNATURE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: 6-23-2026

Respectfully submitted,

SCOTT THOMAS HOCHSTETTER

Plaintiff, Pro Se

COMPLAINT  45